BOYDSTUN *v.* CONDRAY.

Opinion delivered March 2, 1931.

*Gibson & Burnett,* for appellant.

*J. M. Brice* and *C. E. Condray,* for appellee.

SMITH, J. Appellant, a citizen and taxpayer of Arkansas County, brought this suit December 23, 1930, against the incoming and outgoing county judge and county clerk of that county and certain persons who were designated as courthouse commissioners, to restrain them from letting a contract to construct a courthouse in the southern district of Arkansas County.

Testimony was heard by the court supporting the allegations of the complaint and answer to the following effect. In November, 1927, the levying court of Arkansas County adopted a resolution authorizing the construction of a new courthouse on the site of the old one, and authorizing the expenditure of a sum not exceeding $50,000 for that purpose, payable $5,000 per annum. Thereafter, at the January, 1928, term of the county court, commissioners were appointed to execute this

order, and they employed an architect to prepare plans for the building, and paid him $350 for that service.

The revenues of the county are sufficient to make the annual payment of $5,000 for the courthouse and still leave enough revenue to meet the other necessary expenses of the county's government. The commissioners have not let a contract for the building of the courthouse, but have matured their plans and are about to let a contract, and will do so unless they are restrained. No election has been had on the question of building the courthouse as required by amendment No. 15, adopted at the general election in 1928, whereby counties were authorized to build courthouses and jails and to issue bonds to pay therefor.

The court below declared the law to be that amendment No. 15 did not apply to the facts of this case, for the reason that the construction of the courthouse had been authorized in the manner provided by law before amendment No. 15 was adopted; and this appeal has been prosecuted to review the decree dismissing the complaint as being without equity.

In the case of *Carter* v. *Cain,* 179 Ark. 79, 14 S. W. (2d) 250, certain persons, who had been appointed commissioners to erect a courthouse and jail in Woodruff County, reported to the county court on November 30, 1928, that they had previously procured a lot and had prepared plans and specifications for the courthouse and jail, and the commissioners were then ordered by the county court to proceed with the execution of their plans. Thereupon a citizen and taxpayer brought suit to enjoin this expenditure, upon the allegation that no power existed to make a contract of this character until a vote of the citizens of the county had authorized it as required by amendment No. 15, there referred to as amendment No. 11, Applegate's Annotated Constitution, page 235.

We there reviewed cases which had construed the amendment referred to as No. 11 (the correct number of

which appears to be No. 8, Applegate's Annotated Constitution, page 219), prohibiting the counties, cities and towns of the State from increasing their existing indebtedness, in which cases we had held that a county might distribute the payment of the cost of a courthouse or jail over a period of years, provided such payments, together with the other necessary expenses of government, did not exceed the annual revenues of the county. We there said: "After the court had construed this amendment No. 11 to mean that a county could go in debt for courthouses and jails, the people then adopted amendment No. 17, vesting the authority and right to construct courthouses and jails and to levy taxes to pay for them, in the qualified electors of the county. Amendment No. 17 was evidently adopted for the very purpose of meeting the decision of this court and accomplishing what they thought was accomplished by amendment No. 11, when adopted. That is, to prevent counties from going in debt, and provide a method for building and paying for courthouses and jails. But it is insisted that there are two methods now. We do not agree to this contention."

The effect of the decision in *Carter* v. *Cain, supra,* is that, if a county wishes to erect a courthouse or jail, and finds it necessary to distribute the payment of the cost over a period of years, authorization so to do must be obtained at an election in which the question is submitted to the electors as required by amendment No. 15.

It is insisted, however, as was decided by the court below, that amendment No. 15 does not apply to the facts of this case, for the reason that the construction of the courthouse was authorized by the levying court before the amendment was adopted. Such also appears to have been the fact in the case of *Carter* v. *Cain,* but, whether this was so or not, it was decided in *Carter* v. *Cain* that amendment No. 15 deprived a county, after the adoption of the amendment, of the right to contract for a courthouse or jail for which it could not pay out of current revenue except after an election at which the electors had authorized that action.

It is not alleged or shown that the commissioners here had let a contract before the adoption of amendment No. 15; indeed, such a contract has not been let even yet. We have here no question of the validity of a contract let before the adoption of amendment No. 15. We have only the authorization of such a contract by the levying court. But before the power thus conferred was exercised, it had been withdrawn by amendment No. 15, and it no longer exists.

The commissioners are therefore without authority to proceed to let a contract to erect the courthouse, no election having been held and the county being unable to pay for the building without increasing its indebtedness.

The decree of the court below will therefore be reversed, and the cause will be remanded, with directions to make the restraining order perpetual, as prayed.