IRWIN *v.* ALEXANDER.

Opinion delivered November 2, 1931.

*M. E. Vinson* and *George W. Reed,* for appellant.

*Wallace Townsend* and *S. S. Jefferies,* for appellee.

MEHAFFY, J. The appellants brought suit in the Cleburne Chancery Court asking for a review of the correctness of the judgment of the Cleburne County Court

to the effect that there is in existence indebtedness in the county in the sum of $35,000 which may be funded by the issuance of bonds, asking that the court find and decree that there is no indebtedness which may be funded, and praying that the court find and decree that the county court has no authority to issue or order to be issued any bonds of Cleburne County to fund any indebtedness under Amendment No. 8 to the Constitution of the State of Arkansas.

The only question for us to determine is whether Cleburne County had the legal right to issue bonds under Amendment No. 8 of the Constitution.

The county court on June 1, 1931, made an order that the court on that day ascertained and declared that, of the total indebtedness of the county at the time of the adoption of Amendment No. 8, there is an amount of $35,000 which had not been funded, which can now be funded by the issuance of bonds. The court had, on June 17, 1925, after the adoption of Amendment No. 8, found the indebtedness of the county existing at the time of the adoption of the amendment and at the time of the order to be $64,974.27, and it is contended that since the county did not issue all the bonds that it might have issued at that time, it now has the right to issue the difference between the existing indebtedness and the bond issue of 1925.

The court entered a decree dismissing the complaint of plaintiffs for want of equity, and the case is here on appeal.

It is true, as contended by appellee, that the finding of the county judge in 1925 as to the amount of indebtedness existing then and at the time of the adoption of the amendment to the Constitution became final after 30 days. The court, however, at that time issued an order calling in all outstanding warrants, except the courthouse warrants, for the purpose of re-issuing as provided in § 1994 of Crawford & Moses' Digest, and on July 21, 1925, the county court made an order in which it found that warrants of the county had been filed for re-issue in the total

sum of $26,381.50, and on the same day the court made an order finding that it was to the best interest of the county not to fund outstanding courthouse warrants. All warrants that were not filed for re-issue in compliance with the court's order were void. Under the order of the court at that time, the only bonds that could be issued would be bonds to take up the $26,381.50.

Section 1996 provides: ''All persons who shall hold any warrants of said county, and neglect or refuse to present the same as required by the order of the court and the notice aforesaid, shall thereafter be forever debarred from deriving any benefits from their claims.''

It seems therefore clear that there was no authority to issue any bonds except to pay the $26,381.50.

It is now contended by appellee that, since the $29,900 bonds for the payment of the courthouse indebtedness were not issued and sold, they can now be issued and sold, and that they represented indebtedness outstanding on the courthouse debt at the time former bonds were sold. There is no claim that any of the other indebtedness of Cleburne County now existing existed at the time or prior to the adoption of the amendment. Therefore there is no contention that any bonds can be issued by the county except to redeem the courthouse warrants.

The appellee contends that the judgment or order of the county court of 1925 became after 30 days *res judicata,* and that, we think, is correct. At that time, however, the court expressly found that it was to the best interest of the county not to refund outstanding courthouse warrants, and they were not refunded. Before making the order in controversy here, Amendment No. 17 to the Constitution of the State of Arkansas was adopted, and that amendment provides the procedure for taking up any indebtedness existing at the time of the adoption of said amendment in 1928.

We think it is wholly unimportant to decide whether the county court, after making the order finding that it was not best to refund the courthouse warrants, could refund courthouse indebtedness under Amendment No. 10

prior to the adoption of Amendment No. 17. After the adoption of that amendment the county court had no right to refund the courthouse indebtedness except by complying with the provisions of said amendment.

Section 1 of Amendment No. 17 is as follows: "The power and right is hereby vested in the qualified electors of each respective county in this State, by a majority of said electors voting on the question, to authorize the construction, reconstruction, or extension of any county courthouse or county jail and to authorize the levy of a tax not to exceed one-half of one per cent. on the dollar of the valuation of all properties in such county subject to taxation to defray the cost and expenses thereof or to take up any indebtedness existing at the time of the adoption hereof incurred in building, construction, or extending any county courthouse or jail."

It will be noticed that the power and right to authorize the construction of courthouses or jails or to take up existing indebtedness is vested in the qualified electors by Amendment No. 17. Therefore, the county court did not possess the power and right to issue bonds to pay the courthouse debt after the adoption of Amendment No. 17.

As we have already said, the only question involved is the right of the county to issue bonds for the courthouse indebtedness because there is no claim and no evidence that any other indebtedness now existing existed prior to the adoption of Amendment No. 10. The county can issue bonds to take up the warrants for the courthouse indebtedness only by complying with Amendment No. 17. *Boydston* v. *Condray,* 183 Ark. 336, 36 S. W. (2d) 64; *Carter* v. *Cain,* 179 Ark. 79, 14 S. W. (2d) 250.

The decree of the chancery court is reversed, and the cause remanded, with directions to enter a decree prohibiting the issue of bonds except by complying with the provision of Amendment No. 17.